Wendell ELCOCK, Petitioner–Appellant,

v.

Robert J. HENDERSON, Superintendent, Auburn Correctional Facility, Respondent–Appellee.

No. 868, Docket 89–2273.

United States Court of Appeals, Second Circuit.

Argued Feb. 23, 1990.

Decided May 3, 1990.

Ronald Cohen, New York City, for petitioner-appellant.

Pamela L. Milgrim, Asst. Dist. Atty. Brooklyn, N.Y., (Charles J. Hynes, Dist. Atty., Kings County, Brooklyn, N.Y., Jay M. Cohen, Asst. Dist. Atty., of counsel), for respondent-appellee.

Before LUMBARD, MINER and MAHONEY, Circuit Judges.

PER CURIAM:

Wendell Elcock appeals from a judgment of the District Court for the Eastern District of New York (Nickerson, J.), entered on May 24, 1989, denying his habeas corpus petition and denying *sub silentio* his motion for appointment of counsel to assist in the preparation of his petition. We vacate and remand for appointment of counsel.

Elcock was convicted in the New York Supreme Court, Kings County, on September 7, 1978 of second degree murder and first degree assault and was sentenced to a term of 25 years to life on the murder count, to be served concurrently with a maximum term of 15 years on the assault count. On September 11, 1978, Elcock filed notice of appeal. However, it was not until May 18, 1987 that his conviction was af-firmed by the Appellate Division of the New York Supreme Court, Second Department. On February 7, 1989, Elcock *pro se* filed this habeas petition under 28 U.S.C. § 2254. He is currently serving his sentence.

■ Although his direct appeal took over eight years to be decided, Elcock's habeas petition, prepared without assistance of counsel, did not make a due process claim for unconscionable appellate delay. Thus, that claim was not before the district court. Consequently, the record regarding this claim is insufficient for our review. Therefore, we vacate the judgment and remand to the district court for appointment of counsel so that in due course the district court may give appropriate consideration to the claim, as the district court did in *Mathis v. Hood*, 1989 WL 46662, 1989 U.S.Dist. LEXIS 4545 (S.D.N.Y. April 28, 1989) (Patterson, J.), and determine what relief, if any, may be available.

■ We reject the State's contention that Elcock has not exhausted his remedies with respect to the due process claim. This argument was made and rejected in *Mathis v. Hood*, 851 F.2d 612, 614–15 (2nd Cir. 1988), where we held that a petitioner who had endured a six-year delay before the Appellate Division decided his appeal need not have pursued further remedies in the state courts before petitioning the federal court for habeas corpus relief. Moreover, the state court's ultimate affirmance of Elcock's conviction does not moot his delay-based due process claim. *See Mathis, id.; see also Simmons v. Reynolds*, 898 F.2d 865, 867 (2nd Cir.1990).

Vacated and remanded.