**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**James Melvin WALTERS, Defendant–Appellee.**

No. 89CA0914.

Colorado Court of Appeals, Div. I.

Aug. 9, 1990.

Rehearing Denied Sept. 13, 1990.

Certiorari Denied Jan. 7, 1991.

Donald E. Mielke, Dist. Atty., Donna Skinner Reed, Chief Appellate Deputy, Golden, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Barbara S. Blackman, Deputy State Public Defender, Denver, for defendant-appellee.

Opinion by Judge RULAND.

Pursuant to § 16–12–102(1), C.R.S. (1986 Repl.Vol. 8A), the People appeal the sentence imposed on defendant by the trial court because it does not include the term required for an habitual criminal. We affirm.

In December 1985, defendant was charged with first degree sexual assault. At the arraignment in February 1986, the trial court ordered that all pre-trial motions be filed by March 10. During the arraignment, the prosecution noted that it intended to file habitual criminal charges.

On March 19, the prosecution filed a motion to add three counts charging defendant as an habitual criminal pursuant to § 16–13–101(2), C.R.S. (1986 Repl.Vol. 8A). The trial court denied the motion as untimely.

Following a jury trial, defendant was convicted and sentenced to the Department of Corrections for 24 years. On appeal, the judgment of conviction was reversed, and

the case was remanded for a new trial. 765 P.2d 616.

On remand, the prosecution filed a motion to add three counts charging defendant as an habitual criminal, and the motion was granted over defendant's objection. In allowing this amendment, however, the court reserved ruling as to whether the defendant's sentence could be increased if he was convicted.

Defendant was convicted by a jury on all charges following retrial. However, the trial court reimposed the original sentence based upon its conclusion that this sentence could not exceed the original sentence.

The prosecution contends that an increased sentence is mandated by defendant's conviction under the Habitual Criminal Act and that, therefore, the trial court erred in its conclusion. We conclude that the trial court's ruling was correct.

Based upon constitutional due process considerations, an enhanced sentence generally may not be imposed on retrial unless that sentence is based upon objective, identifiable conduct of the defendant occurring *after* imposition of the original sentence. This rule is enforced to avoid any vindictiveness in resentencing predicated upon the success of the defendant's first appeal. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *People v. Calloway*, 42 Colo.App. 213, 591 P.2d 1346 (1979).

The prosecution contends that the rationale of *Pearce* is not applicable here because a more severe sentence is mandated by the Habitual Criminal Act. The prosecution reasons that imposition of sentence under the Act eliminates any concerns relative to vindictiveness on the part of either the prosecution or the trial court. In the alternative, the prosecution contends that an "event" has occurred subsequent to imposition of the original sentence, namely, a conviction under the Habitual Criminal Act. We find no merit in either contention.

Even if we assume that this conviction may be characterized as an "event" occurring after imposition of the original sentence, we nevertheless determine that the trial court's conclusion was correct. A sec-

ond aspect of the due process analysis established in *Pearce* is that a defendant must be free of any apprehension of retaliation by virtue of his having exercised his constitutional right of appeal from the first conviction. If, as here, the pursuit of a successful appeal allows the prosecution to file habitual criminal charges on remand, even though the factual basis for these charges was known to the prosecution from the outset, then the freedom from apprehension mandated by the *Pearce* court would be illusory. *See People v. Ivery*, 44 Colo.App. 511, 615 P.2d 80 (1980).

The sentence is affirmed.

PIERCE and SMITH, JJ., concur.