The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Joseph L. **WILLIAMS,** Defendant–Appellant.

No. 94CA0498.

Colorado Court of Appeals, Div. I.

Jan. 25, 1996.

Rehearing Denied March 28, 1996.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1994 Cum.Supp.)

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Laurie A. Booras, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Wegher & Associates, Arnold C. Wegher, Denver, for Defendant–Appellant.

Opinion by Judge METZGER.

Defendant, Joseph L. Williams, appeals the judgment entered on a jury verdict finding him guilty of second degree murder and of being an habitual criminal. We affirm.

On May 10, 1988, defendant was found guilty of second degree murder and a crime of violence and was sentenced to imprisonment for 38 years. His judgment of conviction was reversed in *People v. Williams*, (Colo.App. Nos. 88CA1087 and 91CA1357, January 7, 1993) (not selected for publication), and the cause was remanded for a new trial.

On remand, the district attorney moved to add six counts charging defendant with being an habitual criminal. The trial court granted the motion as to five counts, and, after a jury trial, defendant was found guilty of all charges.

## I.

■ Defendant first contends that the trial court's order allowing five habitual criminal counts to be filed violated his due process rights, wrongfully subjected him to double jeopardy in sentencing, and therefore constituted error. We disagree.

■ In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the United States Supreme Court held that neither double jeopardy nor equal protection principles impose an absolute bar to a defendant's receipt of a more severe sentence upon reconviction after retrial. However, the Court continued, vindictiveness against a defendant for having exercised his appellate rights must play no part in the sentence he receives upon reconviction.

■ Later, the Court established a presumption of vindictiveness which could be overcome only by objective information in the record justifying the increased sentence. *United States v. Goodwin*, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982).

■ Defendant relies on the statement in *North Carolina v. Pearce, supra*, 395 U.S. at 726, 89 S.Ct. at 2081, 23 L.Ed.2d at 670, that a defendant's sentence following reconviction on remand can be increased only if it is "based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." However, in *Texas v. McCullough*, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986), the Court opined that a defendant who had successfully appealed a conviction might properly receive a longer sentence upon reconviction if it were learned that he had a long criminal history which was undiscovered until after the first conviction because of his use of an alias.

In our view, that conclusion is applicable here. The probation officer preparing the presentence information report for defendant's initial sentencing after his 1988 conviction noticed that defendant had been arrested in Little Rock, Arkansas, in 1985. The computer printout carried a notation of "three years' parole." Believing that Little Rock did not put actual convictions on the National Crime Information Computer (NCIC) at the time, the probation officer telephoned that jurisdiction and determined that defendant had been convicted of four other felonies. In addition, the probation officer discovered that defendant had a felony conviction in Jefferson County, Colorado.

While this information was available to the sentencing court at the time defendant was sentenced following the 1988 conviction, it was garnered too late to be used as a basis for habitual criminal charges in the 1988 prosecution. Thus, defendant was sentenced to 38 years. Once defendant's conviction was overturned, however, the prosecutor sought to add these other felony convictions as habitual criminal counts before defendant's retrial.

At a hearing on the prosecution's motion, the trial court found that the information concerning five of the additional counts was not available to the prosecutor because it was not on the NCIC computer, that the prosecutor was not negligent in failing to discover these convictions, and that, therefore, the prosecutor was not being vindictive in seeking to add them before defendant's retrial.

These findings of fact are supported by the record. The trial court's conclusion correctly

applies the pertinent law; therefore, we reject defendant's argument.

Contrary to defendant's contention, *People v. Walters,* 802 P.2d 1155 (Colo.App.1990) does not require a different result.

In that case, the prosecutor had filed a motion seeking to add three counts charging defendant with being an habitual criminal, and the trial court denied the motion as untimely. Defendant was convicted of the underlying offense, and on appeal his judgment of conviction was reversed and the cause was remanded for a new trial.

On remand, the prosecutor again sought to add the three criminal habitual counts and this motion was granted over defendant's objection. However, even though the jury convicted the defendant of all counts on retrial, the trial court reimposed the original sentence, concluding that it could not increase that sentence after retrial.

The sentence was affirmed on appeal. The *Walters* court reasoned that, because the factual basis for the additional habitual criminal charges was known before the original trial, defendant's sentence could not be increased upon retrial and reconviction.

Here, however, the trial court specifically found that the factual basis for the additional criminal charges was not only unknown to the prosecutor before the original trial, but also concluded that the factual basis could not have been known. Thus, the trial court committed no error in allowing the habitual criminal counts to be added.

■ Nor do the provisions of § 18–1–409(1), C.R.S. (1995 Cum.Supp.) require a different result. That statute provides:

(1) When a sentence is imposed upon any person following a conviction of any felony, other than a class 1 felony in which a death sentence is automatically reviewed pursuant to section 16–11–103(6), C.R.S., or section 16–11–802(6), C.R.S., the person convicted shall have the right to one appellate review of the propriety of the sentence, having regard to the nature of the offense, the character of the offender, and the public interest, and the manner in which the sentence was imposed, including the sufficiency and accuracy of the information on which it was based. The procedures to be employed in the review shall be as provided by supreme court rule.

And, that statute goes on to provide:

(3) The reviewing court shall have power to affirm the sentence under review, substitute for the sentence under review any penalty that was open to the sentencing court other than granting probation or other conditional release, or remand the case for any further proceedings that could have been conducted prior to the imposition of the sentence under review, and for resentencing on the basis of such further proceedings. No sentence in excess of the one originally imposed shall be given unless matters of aggravation in addition to those known to the court at the time of the original sentence are brought to the attention of the court during the hearing conducted under this section. If the court imposes a sentence in excess of the one first given, it shall specifically identify the additional aggravating facts considered by it in imposing the increased sentence.

Section 18–1–409(3) C.R.S. (1986 Repl.Vol. 8B).

The statute sets the parameters for an appellate court's review of a defendant's sentence. *See People v. Duran,* 188 Colo. 207, 533 P.2d 1116 (1975).

Here, in his original appeal, defendant did not seek a review of his sentence. Rather, he appealed the judgment of conviction. Accordingly, since there was no resentencing on remand but, instead, there was a new trial, the statute does not bar sentencing defendant as an habitual criminal.

## II.

■ Defendant next contends that, during trial, the court erred by refusing his request to instruct the jury that the court's clerk "just kind of smelled an odor ..." that "appeared to smell of alcohol" during the testimony of one of the prosecution's witnesses the previous day. We reject this contention.

■ A trial court should insure that its instructions are couched in neutral terms to avoid any implication that it regards certain

facts to be established. *See People v. Tenneson,* 788 P.2d 786 (Colo.1990).

Here, the record is sketchy at best concerning the consumption of alcohol, if any, on the part of the witness. The court clerk's statement is only that the witness appeared to smell of alcohol; neither the court reporter, the court, nor the attorneys noticed anything to that effect.

Therefore, given the paucity of evidence on the issue, the court properly exercised its discretion in refusing to give the instruction. Moreover, we note that even if the evidence on this point were sufficient to warrant an instruction, we would find no error of significant magnitude. The testimony of this witness was cumulative to that of several other prosecution witnesses; therefore, any error would have been minimal.

### III.

▉ Defendant asserts that the trial court erred in not giving him a reasonable opportunity to wear civilian clothes instead of jail clothes during the trial. This assertion is without merit.

▉ A defendant cannot complain of errors caused by his own actions. *People v. Mitchell,* 829 P.2d 409 (Colo.App.1991).

The Saturday before trial, defense counsel visited defendant at the county jail to discuss the case and to ascertain defendant's clothing preference. Fifteen minutes into the conversation, defendant "stormed out, screaming and yelling," and stated: "I don't want to talk to you." The following Monday, the day the trial was scheduled to begin, defendant complained that counsel had not been out to see him and that defendant did not have any civilian clothes to wear for the trial. Defense counsel then asked what size clothes defendant wore; defendant responded, "Guess."

Defense counsel checked the clothing bank at the Public Defender's office and determined that there were no clothes that would fit defendant, so he went to a store and purchased civilian clothes for defendant to wear at the trial. Unfortunately, these clothes were too small. Defendant then decided that he would not wear civilian clothes,

and he wore jail clothing for the remainder of the trial.

These facts convince us that the defendant's attire resulted solely from his own conduct.

### IV.

▉ Next, defendant argues that he was deprived of his right to due process because he was incarcerated at the Fremont Correctional Facility in Canon City from August 31 to September 27, 1993. In our view, this assertion is baseless.

Even if we were to assume, as defendant asks us to do, that he should have remained in the Denver County Jail pending trial, we conclude that he has shown no adverse impact from his return to Canon City.

Defendant argues that he was deprived of reasonable access to his lawyer during this period. However, during the time in question, defendant was represented by the Public Defender's office. Thereafter, on October 4, 1993, the Public Defender's office requested to withdraw because of a conflict of interest. The trial court granted this motion and appointed defendant's trial counsel on October 8, 1993, two weeks after defendant had returned to the Denver County jail. Consequently, defendant was in the Denver County jail for the entire time that trial counsel represented him. Moreover, he has shown no prejudice to him or to his case as a result of his transport to Canon City.

### V.

Defendant's contention that he failed to receive effective assistance of counsel is more properly asserted in a Crim. P. 35 proceeding. Thus, we decline to address it here. *See People v. Thomas,* 867 P.2d 880 (Colo. 1994).

The judgment is affirmed.

STERNBERG, C.J., and CRISWELL, J., concur.