**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 14 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSEPH L. WILLIAMS,

      Petitioner-Appellant,

v.

RANDY HENDERSON; ATTORNEY
GENERAL OF THE STATE OF COLORADO,

      Respondents-Appellees.

No. 96-1330
(D.C. No. 96-D-523)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, HENRY** and **MURPHY**, Circuit Judges.

Howard A. Pincus, Assistant Federal Public Defender (Michael G. Katz, Public
Defender, with him on the briefs), Denver, Colorado, for Petitioner-Appellant.

Paul E. Koehler, Assistant Attorney General (Gale A. Norton, Attorney General,
with him on the brief), Denver, Colorado, for Respondents-Appellees.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Williams, a prisoner proceeding *pro se* and *in forma pauperis*, petitioned the United States District Court for the District of Colorado for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court denied the petition and denied Mr. Williams' request for a certificate of appealability. Pursuant to Fed. R. App. P. 22(b), we construe Mr. Williams' notice of appeal as a request for a certificate of appealability; however, upon careful consideration, we deny the certificate and dismiss the appeal.

## I. BACKGROUND

Mr. Williams was convicted of second degree murder and a crime of violence resulting in a sentence of thirty-eight years imprisonment. *People v. Williams*, 916 P.2d 624, 626 (Colo. Ct. App. 1996). The Colorado Court of Appeals reversed the conviction. *Id.* On remand, the district attorney added five new counts of habitual-criminal charges. *Id.* After a retrial, Mr. Williams was convicted again and was sentenced to life imprisonment with no possibility of parole for forty years.

On direct appeal, in part "I" of its opinion, the Colorado Court of Appeals considered Mr. Williams' argument the prosecutor violated his due process rights by vindictively adding the habitual-criminal charges after Mr. Williams exercised

his appellate rights. *Williams*, 916 P.2d at 626. The court held because Mr. Williams' prior convictions were not available on the National Crime Information Computer before the first trial, the prosecutor was not negligent in failing to discover them. *Id.* Consequently, the court held, the prosecutor did not violate Mr. Williams' due process rights because the prosecutor was not vindictive in adding the additional charges upon retrial. *Id.*

In part "IV" of its opinion, the court considered Mr. Williams' argument that because he was held at a distant location pending trial, he was deprived reasonable access to his lawyer, and was consequently denied due process. *Id.* at 628. The court rejected the claim holding, in part, Mr. Williams failed to show prejudice as a result of any reasonable access denial. *Id.*

Mr. Williams then filed a *pro se* petition for a writ of habeas corpus with the United States District Court for the District of Colorado, alleging, among other things, the State had violated the Interstate Agreement on Detainers and his federal constitutional rights by shuttling him between detention facilities. Colo. Rev. Stat. § 24-60-501 - 507 (1988 & Supp. 1996). In support of his petition, Mr. Williams attached a copy of the *Williams* decision.

Upon initial review, the magistrate judge to whom the petition was assigned issued an order to show cause why the petition should not be dismissed for failure to state a claim upon which relief can be granted. The order identified several problems with Mr. Williams' petition, and provided Mr. Williams an opportunity to remedy the problems. Specifically, the order explained violations of the Interstate Agreement on Detainers, alone, do not state a claim for relief cognizable in a habeas corpus action. Additionally, the order asked Mr. Williams to clarify which issues in the attached opinion he wanted the court to consider.

In response to the order, Mr. Williams stated he wanted the court to consider the issue contained in part "IV" of the attached opinion, namely, that because he was incarcerated at a distant location pending trial, he was denied access to his attorney in violation of due process. As to the remaining issues contained in the attached opinion, Mr. Williams stated they were "left to the court's discretion to review as it deems appropriate." Mr. Williams supplied no additional facts in support of any due process violation as a result of his incarceration pending trial.

After review, the magistrate judge recommended dismissing Mr. Williams' petition on the ground Mr. Williams failed to allege facts sufficient to support any

claim entitling him to relief. In particular, the magistrate judge recommended dismissing the petition because 1) violations of the Interstate Agreement on Detainers, alone, do not state a claim for relief; 2) as to the claim in part "IV" of the attached opinion, Mr. Williams failed to allege facts sufficient to establish injury resulting from any restricted access to his attorney. The magistrate did not consider any of the additional issues raised by the attached opinion.

Mr. Williams filed objections to the recommendation. Upon *de novo* review of the recommendations, the district court adopted the magistrate's recommendations and dismissed Mr. Williams' petition. Mr. Williams then filed a motion for appointment of counsel, a notice of appeal, and a motion to proceed on appeal *in forma pauperis*. The district court granted Mr. Williams' motion to proceed *in forma pauperis*, but required Mr. Williams to conform to the Prison Litigation Reform Act's filing fee requirements as reflected in 28 U.S.C. § 1915(b)(1). Further, the district court construed Mr. Williams' notice of appeal as a request for a certificate of appealability; pursuant to Fed. R. Ap. P. 22(b), the district court considered the certificate in the first instance.[1] The district court

---

[1] Fed. R. App. P. 22(b) states in pertinent part:

In a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court, an appeal by the applicant for the writ may not proceed unless a district or a circuit

-5-

denied the request holding Mr. Williams had failed to make a "substantial showing of the denial of a constitutional right."

On appeal, we consider 1) whether the mandatory fee provisions of 28 U.S.C. § 1915 apply to habeas corpus proceeding; and 2) whether Mr. Williams has made a substantial showing of the denial of a constitutional right such that we should issue a certificate of appealability. 28 U.S.C. § 2253(c).

## II. Prison Litigation Reform Act

For consideration and decision, we consolidated the issue of whether a 28 U.S.C. § 2254 petition is a "civil action" for purposes of 28 U.S.C. § 1915's mandatory fee provisions with *United States v. Simmonds*, ___ F.3d ___ (10th Cir. Apr. 14, 1997). Under the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996), a litigant proceeding *in forma pauperis*

---

judge issues a certificate of appealability pursuant to section 2253(c) of title 28, United States Code. If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue.

While the district court failed to state the specific reasons a certificate should not issue, in the interests of judicial economy, we will consider the application for a certificate of appealability. *Clough v. Rush*, 959 F.2d 182, 186 (10th Cir. 1992).

is required to pay all filing fees in "civil actions," and appeals of those actions. 28 U.S.C. § 1915 (a)(2), (b). As we held in *Simmonds*, ___ F.3d at ___, 28 U.S.C. § 2254 proceedings are not "civil actions" for purposes of 28 U.S.C. § 1915, and the mandatory fee provisions of 28 U.S.C. § 1915 do not apply.

## III. Certificate of Appealability

According to the newly enacted Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), a prisoner may not appeal a denial of a habeas petition before obtaining a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). Mr. Williams filed his § 2254 petition prior to the Antiterrorism and Effective Death Penalty Act's effective date. Nevertheless, as we held in *Lennox v. Evans*, 87 F.3d 431, 434 (10th Cir. 1996), *cert. denied*, 117 S. Ct. 746 (1997), the application of the certificate of appealability requirements to pending cases is not impermissibly retroactive. Consequently, we proceed to determine whether Mr. Williams is entitled to a certificate of appealability.

A prisoner proceeding under 28 U.S.C. § 2254 is entitled to a certificate of appealability only if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As we held in *Lennox*, the

standard for granting a certificate of appealability is that set forth in *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Lennox*, 87 F.2d at 434. Under the *Barefoot* standard, a certificate of appealability will issue only where the petitioner has demonstrated the issues raised are debatable among jurists of reason, a court could resolve the issues differently, or the questions presented are deserving of further proceedings. *Id.* at 893 n.4. Because Mr. Williams has made no such showing, we deny his certificate of appealability.

## A. Interstate Agreement on Detainers Claim

We agree with the magistrate and the district court that violations of the Interstate Agreement on Detainers, by themselves, do not state a claim for relief in a habeas corpus action. *See Greathouse v. United States*, 655 F.2d 1032, 1034 (10th Cir. 1981), *cert. denied*, 455 U.S. 926 (1982). In fact, Mr. Williams seems to have abandoned this claim on appeal. Because Mr. Williams has failed to allege any facts sufficient to state a colorable claim under the Interstate Agreement on Detainers, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

## B.  Due Process Claim

Mr. Williams argues the district court erred in failing to give him specific instructions explaining that to sufficiently state a claim, he would need to plead facts alleging prejudice. Mr. Williams also claims the district court erred in failing to give him an adequate opportunity to correct any defects in his pleadings. These arguments are without merit. While *pro se* pleadings must be construed liberally, it is not the proper for the court to assume the role of advocate for the *pro se* litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). As stated by this court in *Williams*, Mr. Williams failed to allege facts showing how any restricted access to his attorney resulted in prejudice. 916 F.2d at 628. Even assuming the district court has some duty to alert *pro se* litigants to the need to plead more facts (and we certainly do not believe it does), the opinion itself was more than sufficient to provide Mr Williams notice he must plead facts showing prejudice. Additionally, the magistrate gave Mr. Williams sufficient opportunity to correct his claim in its order to show cause. Nevertheless, Mr. Williams failed to correct the defects.

In support of the proposition that district courts have a duty to inform a *pro se* litigant of the need to plead facts in support of a claim, Mr. Williams relies heavily upon *Hall,* 935 F.2d at 1110 n.3. However, *Hall* only requires the court to liberally construe a pleading even though it fails formalistic pleading

requirements such as failing to cite proper legal authority or containing poor syntax. *Id.* at 1110. Nothing in *Hall* requires a court to explain to a litigant what facts must be plead to state a claim. On the contrary, while not every fact must be described in specific detail, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

In the alternative, Mr. Williams contends he alleged sufficient facts to state a claim. However, our review of his petition reveals Mr. Williams has failed to make even conclusory allegations of prejudice resulting from any restricted attorney access. Consequently, even assuming Mr. Williams was denied access to his attorney, because Mr. Williams has failed to allege any facts showing prejudice, he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

## C. Vindictive Prosecution

Mr. Williams argues the district court erred in failing to appoint counsel to represent him. Specifically, Mr. Williams argues because it "was obvious he had a serious claim" of vindictive prosecution, and because Mr. Williams "did not

-11-

appear to be knowledgeable enough to represent himself," the district court abused its discretion in failing to appoint counsel. We disagree.

Generally, beyond the appeal of a criminal conviction, the appointment of counsel in a 28 U.S.C. § 2254 proceeding is left to the court's discretion. *Swazo v. Wyoming Dept. of Corrections*, 23 F.3d 332, 333 (10th Cir. 1994). According to 18 U.S.C. § 3006A(a)(2), "[w]henever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person" who seeks relief under 28 U.S.C. § 2254. Neither the district court nor the magistrate abused its discretion in failing to find the interests of justice required counsel in this case.

In support of his claim the court abused its discretion in failing to appoint counsel, Mr. Williams relies on *Elcock v. Henderson*, 902 F.2d 219 (2d Cir. 1990). In *Elcock*, the petitioner's direct appeal was delayed for over eight and one-half years, yet in his habeas petition, the petitioner failed to bring a due process claim for unconscionable appellate delay. *Id.* at 220. The court held the record was insufficient for review on appeal and remanded the issue for appointment of counsel and consideration before the district court. *Id.* Here we are not faced with the same concern. Unlike *Elcock* where the state court did not

consider the unconstitutionality of its own actions, here, the Colorado Court of Appeals already considered, and rejected, Mr. Williams vindictive prosecution claim. This is not the type of case where "justice so requires" appointment of counsel.

Further, as already noted, it is improper for the court to assume the advocate's role. Requiring the court to sift through a habeas petitioner's pleadings, records, appeals, etc. to determine whether the petitioner failed to file an "obvious" or "serious" claim would place an untenable burden on the courts. Accordingly, the district court did not abuse its discretion in failing to appoint counsel. Consequently, Mr. Williams fails to make a "substantial showing of the denial of a constitutional right," and his request for a certificate of appealability is denied. 28 U.S.C. § 2253(c).

Accordingly, we **DENY** Mr. Williams' request for a certificate of appealability and **DISMISS** the appeal.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge

-13-