**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 20 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JOSEPH L. WILLIAMS,

       Petitioner-Appellant,

v.

RANDY HENDERSON; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

       Respondents-Appellees.

No. 98-1413
(D.C. No. 96-D-523)
(D. Colo.)

ORDER AND JUDGMENT [*]

Before **ANDERSON** and **KELLY**, Circuit Judges, and **BROWN**,[**] Senior District Judge.

After examining appellant's brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

determination of this appeal.    See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Joseph L. Williams appeals from the    district court's denial of a post-judgment motion entitled "Motion to Review Entire Record."  The    district court denied his requests to proceed without prepayment of fees, for the appointment of appellate counsel, and for a certificate of appealability.  Petitioner took an earlier appeal in this case from the    district court's dismissal of his habeas application and denial of his motion for reconsideration.  Because we conclude that the "Motion to Review Entire Record" was a motion pursuant to Fed. R. Civ. P. 60(b) which should have tolled the pendency of his earlier appeal, we also conclude that this court was without jurisdiction to consider that appeal.    *See MIF Realty L.P. v. Rochester Assocs.*  , 92 F.3d 752, 755 (8th Cir. 1996).  The order and judgment entered in that earlier appeal,    *Williams v. Henderson*  , No. 96-1330, 1997 WL 176389 (10th Cir. Apr. 14, 1997) (unpublished order and judgment), *cert. denied* , 118 S. Ct. 208 (1997), is void.    *See United States v. 51 Pieces of Real Property* , 17 F.3d 1306, 1309 (10th Cir. 1994)   .  Therefore, we hereby recall the mandate and vacate the order and judgment entered in that appeal.    [1]

---

[1]    Because we vacate an earlier decision of the court, this order and judgment has been circulated to the panel which decided the earlier appeal; each member has concurred.

The district court ruled on petitioner's "Motion to Review Entire Record" on October 16, 1998. Petitioner filed a timely notice of appeal, vesting this court with jurisdiction to consider his challenges to that ruling, as well as his arguments in opposition to the district court's earlier rulings on his habeas application and his motion for reconsideration. *See* Fed. R. App. P. 4(a)(4). Our jurisdiction arises under 28 U.S.C. § 1291.

Upon consideration of the challenges raised in petitioner's earlier appellate briefs and oral argument before this court, we adopt the rationale set forth in *Williams v. Henderson*, 1997 WL 176389, and deny petitioner a certificate of appealability on those issues. In his current appellate brief, petitioner raises a single challenge to the district court's denial of his "Motion to Review Entire Record." The district court's ruling is reviewed for abuse of discretion only. *See Stubblefield v. Windsor Capital Group*, 74 F.3d 990, 994 (10th Cir. 1996) (denial of Rule 60(b) motion). Petitioner maintains that the district court was legally obligated to review the entire record following the magistrate judge's recommendation to dismiss his habeas application for failure to state a cognizable habeas claim, and not just those issues to which petitioner objected. Petitioner cites no authority for this assertion and, indeed, the applicable statute is to the contrary. *See* 28 U.S.C. § 636(b)(1). Because petitioner has not made "a

substantial showing of the denial of a constitutional right," 28 U.S.C.

§ 2253(c)(2), we DENY petitioner a certificate of appealability on this issue.

Accordingly, we DISMISS this appeal. Petitioner's request to proceed

without prepayment of costs or fees is granted.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge