FILED
United States Court of Appeals
Tenth Circuit

March 29, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSEPH LEE WILLIAMS,

        Petitioner - Appellant,

v.

TERRY ZAVARAS, Director of
Colorado Department of Corrections;
JOHN SUTHERS, Attorney General of
the State of Colorado,

        Respondents - Appellees.

No. 12-1000
(D.C. No. 1:11-CV-01916-LTB)
(D. Colorado)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner and applicant, Joseph Lee Williams, who is a Colorado Department of Corrections ("CDOC") prisoner appearing *pro se*, seeks a certificate of appealability ("COA") to enable him to appeal the district court's order dismissing his 28 U.S.C. § 2254 habeas petition. The district court dismissed Mr. Williams' petition as untimely. For the reasons stated below, we conclude Mr. Williams' habeas petition was not timely filed, and we therefore deny him a COA and dismiss this matter.

**BACKGROUND**

In 1988, a Colorado jury convicted Mr. Williams of second-degree murder and a crime of violence, and he was sentenced to thirty-eight years in the CDOC. On direct appeal, the Colorado Court of Appeals ("CCA") reversed the conviction, on the ground that evidence of unrelated criminal conduct had been improperly admitted, and remanded for a new trial. People v. Williams, Nos. 88CA1087 & 91CA1357 (Colo. App. Jan. 7, 1993) (unpublished). On retrial in December 1993, the prosecution was permitted to add seven habitual criminal counts, and a jury again convicted Mr. Williams of second-degree murder, as well as the habitual criminal counts, and he was sentenced to life in prison. On January 25, 1996, the CCA affirmed this conviction on direct appeal. People v. Williams, 916 P.2d 624 (Colo. App. 1996). On September 16, 1996, the Colorado Supreme Court denied Mr. Williams' petition for certiorari review.

Meanwhile, on April 23, 1996, Mr. Williams filed a post-conviction petition under Colo. Crim. P. Rule 35(c), alleging ineffective assistance of trial counsel. On July 16, 1996, he filed a supplement to his Rule 35(c) petition, challenging the constitutionality of the addition of the habitual offender counts on his retrial. In December 1996, he withdrew this supplement, but then in March 1997, filed another supplement to his pending Rule 35(c) petition, asserting various errors by the trial court, the prosecutor and his defense counsel.[1]

On April 9, 1997, the trial court denied Mr. Williams' Rule 35(c) petition. On June 25, 1998, the CCA reversed that denial, and remanded the case to the trial court with directions to make sufficient specific findings. People v. Williams, No. 97CA0765 (Colo. App. June 25, 1998) (unpublished). On remand, the trial court made findings and conclusions regarding each of Mr. Williams' post-conviction claims, and denied the motion in October 1998, without addressing the issues raised in Mr. Williams' second supplement. The CCA affirmed the trial court's order on April 6, 2000. People v. Williams, No. 98CA2431 (Colo. App. April 6, 2000) (unpublished). On December 4, 2000, the Colorado Supreme Court denied Mr. Williams' request for certiorari review.

[1]He specifically argued that trial counsel had introduced highly prejudicial statements through a detective; that the prosecutor introduced perjured testimony; that his waiver of his right to testify was not voluntary, knowing and intelligent because he was given an inadequate advisement; that trial counsel failed to impeach certain witnesses even though he had advised his counsel that the witnesses were lying; and that trial counsel failed to conduct an adequate investigation of two witnesses.

On July 9, 2001, Mr. Williams filed a second motion for post-conviction relief under Rule 35(c), challenging his sentence under the habitual criminal offender statute and alleging ineffective assistance of post-conviction counsel. On January 7, 2002, the trial court denied the motion as successive. On appeal, the CCA concluded that Mr. Williams' allegations of ineffective assistance of trial counsel were untimely[2], but addressed the merits of his claims of ineffective assistance of post-conviction counsel.[3] The CCA remanded the case for an evidentiary hearing on the single issue of the validity of Mr. Williams' right to testify. People v. Williams, No. 02CA0361 (Colo. App. Feb. 3, 2005). At the hearing on remand, held on August 12, 2005, the trial court determined that Mr. Williams had made a valid waiver of his right to testify. Mr. Williams did not appeal that determination.

On October 17, 2008, Mr. Williams filed his third Rule 35(c) petition for post-conviction relief, alleging conflict of interest of his second trial counsel. On August 7, 2009, the trial court denied the petition as successive, and Mr. Williams filed no appeal from that order. In a fourth Rule 35(c) post-conviction petition,

---

[2]Mr. Williams contended that his post-conviction counsel was ineffective, in part, because he failed to raise issues relating to the claimed ineffective assistance of trial and appellate counsel.

[3]The CCA concluded that Mr. Williams' seven claims of ineffective assistance of post-conviction counsel were not successive and, in a thirty-three page decision, addressed each on its merits, rejecting all but the one which it remanded to the trial court (to determine whether Mr. Williams made a knowing, intelligent and voluntary waiver of his right to testify). See R. Vol. 1 at 93-126.

filed on January 22, 2010, Mr. Williams made the same conflict-of-interest claim, which the trial court again denied on January 26, 2010. Mr. Williams did not appeal that order. Then, on May 18, 2010, Mr. Williams filed a fifth post-conviction motion, this time invoking Rule 35(a), seeking correction of an illegal sentence on the same conflict-of-interest claim. The trial court construed it as a petition under Rule 35(c) and denied it summarily on May 31, 2010. After the denial of his request for rehearing, Mr. Williams appealed this summary denial to the CCA, which recently affirmed the summary dismissal. People v. Williams, No. 10CA1393 (Colo. App. Oct. 27, 2011).

Mr. Williams then filed the instant 28 U.S.C. § 2254 petition on July 22, 2011. He claimed (once again) that his second trial counsel had operated under a conflict of interest. On September 7, 2011, a magistrate judge directed the Respondents to file a pre-Answer addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies under § 2254(b)(1)(A). The Respondents filed a pre-Answer alleging both defenses of timeliness and exhaustion, and, after two extensions, Mr. Williams filed his reply. The district court dismissed the petition as untimely filed.

## DISCUSSION

To receive a COA, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Gonzalez v. Thaler, 132

S. Ct. 641, 646 (2012). When, as here, a district court denies a habeas petition on procedural grounds, a COA may only issue when the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year statute of limitations to bring habeas petitions under 28 U.S.C. § 2254. Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id.; see Gonzalez, 132 S. Ct. at 646. As the district court concluded, Mr. Williams' conviction became final on December 15, 1996, ninety days after the Colorado Supreme Court denied his petition for certiorari on direct appeal, when the time for filing a petition for certiorari before the United States Supreme Court expired. See U.S. Sup. Ct. R. 13(1); Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011).

The one-year statute is tolled, however, when a petitioner has filed a petition for state post-conviction relief. 28 U.S.C. § 2254(d)(2). Thus, Mr. Williams' Rule 35(c) petition, filed on April 23, 1996 (before his conviction became final), tolled the running of the AEDPA one-year period. But that tolling period ended when the Colorado Supreme Court denied his petition for certiorari

on December 4, 2000.  Thus, the one-year clock began running from December 5, 2000 until July 2001, when Mr. Williams filed a second Rule 35(c) state post-conviction petition.  Mr. Williams did not appeal the trial court's August 12, 2005, order denying the petition after it was remanded to the trial court by the CCA.  The petition remained pending, however, during the forty-five-day period in which Mr. Williams could have sought review in the Colorado Supreme Court. See Colo. R. App. P. 4(b); Gonzalez, 132 S. Ct. at 646 (holding that "for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires").  This date was September 26, 2005.  Accordingly, as the district court found, the "AEDPA time clock then ran unabated from September 26, 2005 until October 17, 2008, when Mr. Williams filed his third motion for post-conviction relief."  Order at 7, R. Vol. 1 at 226.

Thus, by the time any other post-conviction petitions were filed, the AEDPA one-year period had long passed.  Mr. Williams' current application, filed on July 22, 2011, was clearly untimely, unless Mr. Williams is entitled to equitable tolling.  See Holland v. Florida, 130 S. Ct. 1549, 1560 (2010) ("[L]ike all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases.").  Equitable tolling is available, however, only in "rare and exceptional circumstances."  Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (quotations omitted).

Before the district court, Mr. Williams apparently argued that his petition should not be dismissed as untimely because he was not represented by counsel in his state post-conviction proceedings or his federal habeas petition. As the district court noted, that argument is unavailing because there is no right to counsel in collateral proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).

Before us, in his application for a COA, he argues that he had both of his legs amputated by the CDOC in 2005 or at some point thereafter (he claims one leg was wrongly/negligently amputated and the other was removed for proper medical reasons), and this rendered him unable to pursue his legal actions. Mr. Williams fails to make anything more than a conclusory allegation as to this situation and the record contains no evidence relating to it. Nor would such a situation necessarily be grounds for excusable neglect. Thus, we agree with the district court that Mr. Williams is not entitled to equitable tolling.

No reasonable jurist could question the propriety of the district court's conclusion that Mr. Williams' petition was untimely. Accordingly, for substantially the reasons set forth in the district court's order, we deny Mr. Williams a COA and dismiss this matter. We also deny Mr. Williams' request to proceed on appeal *in forma pauperis*.

**CONCLUSION**

The application for a COA and for leave to appeal *in forma pauperis* is

DENIED, and this matter is DISMISSED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge