2389

The STATE, Respondent v. Jerome H. McDANIEL, Appellant.

(462 S.E. (2d) 882)

Court of Appeals

*Chief Attorney Daniel T. Stacey, SC Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General Charles Molony Condon, Chief Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General Harold M. Coombs, Jr.,* and *Assistant Attorney General Miller W. Shealy, Jr.,* and *Solicitor Warren B. Giese,* Columbia, *for respondent.*

Submitted June 6, 1995.

Decided Aug. 21, 1995; Reh. Den. Oct. 25, 1995.

CONNOR, Judge:

Jerome H. McDaniel appeals his conviction for assault and battery of a high and aggravated nature, strong-armed robbery, kidnapping, criminal sexual conduct, and burglary first degree. The only issue on appeal is whether the trial judge erred in allowing certain portions of the solicitor's closing argument. We reverse and remand for a new trial.

Zhordera "Raquel" Cannon, the victim, testified McDaniel came to her apartment shortly after midnight on August 2, 1992. Cannon was tending her 10-week-old infant after working the four to midnight shift at a private security company. Her sister, Miko Dreher, opened the door, thinking it was Cannon's husband Terrell. McDaniel then forced his way into the apartment, demanded money, and assaulted Cannon and Dreher. Eventually McDaniel forced Cannon out of the apartment and into a car, threatening to kill her. While he was driving, McDaniel forced Cannon to perform oral sex. Afterwards, he stopped the car, raped her, and took some of her jewelry.

The State presented several witnesses to corroborate Cannon's testimony. McDaniel testified and admitted he had sexual intercourse with Cannon, but alleged Cannon had consented.

The jury convicted McDaniel on all charges, and the judge sentenced him as follows: assault and battery of a high and aggravated nature, 10 years; strong-armed robbery, 10 years; kidnapping, 30 years; criminal sexual conduct—first degree, 30 years; burglary first, life imprisonment. He ordered the sentences to run consecutively.

McDaniel argues portions of the solicitor's closing argument constitute reversible error. He alleges the solicitor improperly urged the jurors to put themselves in the place of the victim, thus appealing to their prejudice and passion. The objectionable portions of the solicitor's closing remarks follow:

> [Solicitor:] According to the defense, when he keeps saying it doesn't make sense, look for the holes; according to the defense, you'd better hope that the next time somebody breaks in your—
>
> [Defense attorney:] Objection, your honor.
>
> [The Court:] Go ahead, solicitor.
>
> [Solicitor:] Thank you, your honor. You'd better hope that the next time somebody breaks into a house and they rob somebody and they rape somebody, you'd better hope that the police come in in the middle of it. Because according to the defense, if he gets out that door, he's home free.
>
> [Defense attorney:] Objection, your honor.
>
> [The Court:] All right, sir. I give a lot of leeway to both sides, counselor. Go ahead.
>
> [Solicitor:] And you'd better hope that when you get raped, that at the same time he really beats you up and that you have some broken bones or something that you can bring into court. Because mere bruising on your face isn't enough. And you'd better hope that when somebody comes in your house and hits you in the face and knocks you down that he breaks something that has to be treated, that's not just bruising. Because if there isn't bruising [sic], according to the defendant, you didn't get hit.
>
> And you'd better hope that when you come into court as the victim of a sexual assault, hearing after hearing over the period of one year, when you come into court some 11 months later, you'd better hope your description is not off one inch, one freckle. And you'd better hope that when [sic] you told the police two hours in a cold waiting room at the emergency room, you'd better hope that you might not have put things out of order. And you'd better hope that even if you didn't, the police didn't write them own out of order as they're trying to make sense of what you're telling them as tears roll down your face.

> And you'd better hope when the defendant uses a car
> that he borrows from a relative, an uncle, a cousin, a
> friend, you'd better hope he doesn't use a car that can't be
> traced; because according to the defense, you can't con-
> vict if we don't have the car. And you'd better hope he
> doesn't have two weeks to get rid of the rings he stole off
> your fingers.
> And you'd better hope you're an artist so that when you
> come in and do your best to do a composite drawing of the
> man that raped you, that it's not off one iota, even though
> according to the experts you can do a resemblance but
> you can't get it perfect.
> And you'd better hope that when he breaks in your apart-
> ment and he has a weapon that he either leaves it behind
> or he uses it on you. Because if you don't recover it, ac-
> cording to the defense, you can't convict.

The South Carolina Supreme Court in *State v. White*, 246 S.C. 502, 144 S.E. (2d) 481 (1965), reversed a death sentence for rape because the solicitor told the jury:

> I don't know whether you have got daughters or not, I
> believe one or two of you are not married. But everybody
> has got a mother. Not everybody, but most everybody has
> got a sister, daughters. . . . How, if this young lady was
> your sister, how would you feel? How, if she was your
> wife, how would you feel? How, if she was your daughter,
> God only knows, how would you feel? Gentlemen, she is
> all of that to somebody. . . . And but for the grace of God
> that could be your sister, your daughter or your wife. . . .
> But when you get back there . . . think about your wife,
> think about your daughters, think about your sister or
> your mother, being in the same position as this young
> lady. . . .

The court, quoting *State v. Gilstrap*, 205 S.C. 412, 416, 32 S.E. (2d) 163, 164-65 (1944), reasoned:

> "The rule followed in this State, and we think in most ju-
> risdictions, is that if upon the whole case, it appears to
> the Court that the defendant was prejudiced by the lan-
> guage used, as the result of which he did not have a fair
> and impartial trial, it would be the duty of the Court to

reverse the case and remand it for a new trial."

The court further opined:

> "An argument of this nature addressed to the jury tends to completely destroy and nullify all sense of impartiality in a case of this kind. Its logical effect is to arouse passion and prejudice. Jurors are sworn to be governed by the evidence and it is their duty to regard the facts of a case impersonally."

*Id.* at 417, 144 S.E. (2d) at 165 (quoting *State v. Gilstrap*). Statements such as those made in *White*, the court noted, were "well calculated" to arouse prejudice and passion.

The State argues the solicitor was merely responding to the defendant's closing argument. McDaniel's attorney had argued in closing that the evidence was insufficient that his client had raped Cannon because her bruises were not severe enough and because there was a discrepancy in her description of the perpetrator. The Supreme Court has held that "where counsel for the defense first injects extraneous argument into the case, the defendant is not in a position ordinarily to complain." *State v. Gilstrap*, 205 S.C. 412, 418, 32 S.E. (2d) 163, 165 (1944); *see also State v. Duncan*, 86 S.C. 370, 68 S.E. 684 (1910) (where defense attorney was "the first to breach the rule of legitimate argument," solicitor's response was not grounds for reversal). However, the defense attorney's argument here concerned the general burden of proof in a criminal case and the specific facts of this case. It did not involve extraneous matters.

The State also contends the defendant's attorney's objections here are insufficient. McDaniel's attorney objected twice. So long as the judge had an opportunity to rule on an issue, and did so, it was "not incumbent upon defense counsel to harass the judge by parading the issue before him again." *Dunn v. Coca-Cola Bottling Co.*, 311 S.C. 43, 46, 426 S.E. (2d) 756, 758 (1993); *see also State v. Pace*, 316 S.C. 71, 447 S.E. (2d) 186 (1994) (counsel's failure to object did not waive issue where trial judge's remarks were such that any objections would have been futile).

In her closing argument, the solicitor used "you" or a form of "you" some forty-five times, asking the jury to put themselves in the place of the victim. Moreover,

the request concerned family members, as in *White*, but related directly to the jurors themselves. This is clearly reversible error under *White*. Accordingly, we reverse and remand for a new trial.[1]

Reversed and remanded.

SHAW and CURETON, JJ., concur.

---

[1] Because of our disposition based on the solicitor's lengthy comment urging the jurors to put themselves in the place of the victim, we do not address Mc-Daniel's other ground for appeal.