2361

The STATE, Respondent v. Susan Ann FLETCHER, Appellant.
(471 S.E. (2d) 702)

Court of Appeals

---

*Symmes W. Culbertson,* Greenville, *for appellant.*

*Attorney General T. Travis Medlock, Chief Deputy Attorney General Donald J. Zelenka,* and *Senior Assistant Attorney General Harold M. Coombs, Jr.,* Columbia; and *Solicitor Joseph J. Watson,* Greenville, *for respondent.*

Reheard Nov. 7, 1995.

Filed April 15, 1996; Reh. Den. June 20, 1996.

HOWARD, Judge:

Susan A. Fletcher was tried and convicted in general sessions court for pointing a firearm, a violation of S.C. Code Ann. § 16-23-410 (1985).[1] Fletcher appeals the conviction, asserting the indictment and prosecution on this charge after

---

[1] S.C. Code § 16-23-410 (Supp. 1995) was amended by 1993 Act No. 184, § 46, effective January 1, 1994.

her successful appeal of lesser charges in municipal court arising out of the same conduct manifests prosecutorial vindictiveness, which is a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Fletcher also asserts error in the jury instruction regarding self-defense. We affirm.

## FACTS

On March 5, 1993, Fletcher was involved in an argument outside a Greenville restaurant. Taking the evidence in the light most favorable to the State, Fletcher pulled a pistol from her purse and fired it during the argument, and she subsequently sprayed mace in the victim's face. Fletcher was arrested and charged with two municipal court offenses: assault and battery and discharging a firearm. She was also charged with pointing a firearm, a general sessions court offense. On April 5, 1993, she was convicted in her absence on both municipal charges. She appealed her conviction to the court of general sessions. On November 9, 1993, that court reversed the municipal court for failure to provide proper notice of the trial, and remanded the case for a new trial.

On February 1, 1994, while the municipal charges were still pending, the solicitor directly indicted Fletcher for assault with intent to kill. Fletcher was also indicted on the pending charge of pointing a firearm. The charges of assault with intent to kill and pointing a firearm were called for trial on February 14, 1994, at which time Fletcher moved to have both charges dismissed for, among other things, prosecutorial vindictiveness. Fletcher also asked the circuit court to force the solicitor to elect between the charges, arguing that they were the same offense. The circuit court dismissed the charge of assault with intent to kill, but refused to dismiss the pointing a firearm charge based on grounds of prosecutorial vindictiveness. The case then proceeded to trial and Fletcher was convicted.

## DISCUSSION

It is a due process violation to punish a person for exercising a protected statutory or constitutional right. *United States v. Goodwin*, 457 U.S. 368, 372, 102 S.Ct. 2485, 2488, 73 L.Ed. (2d) 74 (1982), *citing Bordenkircher v.*

*Hayes,* 434 U.S. 357, 363, 98 S.Ct. 663, 667, 54 L.Ed. (2d) 604 (1978). In a criminal prosecution, however, punishment of the offender is recognized as a proper motivation for a sentencing trial judge or a prosecutor. *Goodwin,* 457 U.S. at 372-73, 102 S.Ct. at 2488-89. As stated in *Goodwin,* "[t]he presence of a punitive motivation, therefore, does not provide an adequate basis for distinguishing governmental action that is fully justified as a legitimate reponse to perceived criminal conduct from governmental action that is an impermissible response to noncriminal, protected activity." *Id.* at 373, 102 S.Ct. at 2488.

For this reason, the United States Supreme Court has fashioned certain rules as a protection against vindictive action in response to a criminal defendant's exercise of a statutory or constitutional right. In *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed. (2d) 628 (1974), the Supreme Court recognized that certain limited circumstances pose a "realistic likelihood of vindictiveness" by a prosecutor, and warrant the application of a prophylactic presumption of vindictiveness. This presumption prevented the State from bringing a more serious charge against the defendant, Perry, in response to his invocation of the statutory right under North Carolina law to a trail *de novo* in superior court after conviction in a court of more limited jurisdiction.[2] *Id.* at 28-29, 94 S.Ct. at 2102-03. *But see Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed. (2d) 865 (1989) (the presumption of vindictiveness does not necessarily apply when a sentence imposed after trial is greater than that imposed after a guilty plea); *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed. (2d) 604 (1978) (the rule in *Blackledge* was limited in a plea bargaining situation).

The presumption of vindictiveness is premised on the need to guard against actual vindictiveness in the re-sentencing process. *Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed. (2d) 865 (1989). The inquiry, however, is not focused solely on the presence or absence of actual

---

[2] In *Blackledge,* the Court also indicated that impossibility of proceeding on the more serious charge at the outset would free a prosecutor from the presumption, as where a defendant originally tried and convicted for assault and battery may subsequently be charged for homicide if the victim dies after the initial trial. 417 U.S. at 29 n. 7, 94 S.Ct. at 2103 n 7.

vindictive motive, but includes whether the action taken, which exposes the accused to an increased punishment, poses such a "reasonable likelihood of vindictiveness" as to require a presumption of vindictiveness. *Goodwin*, 457 U.S. at 372-73, 102 S.Ct. at 2488-89. The presumption is applied only where there is a "reasonable likelihood" that an unexplained increase in a defendant's sentence is due to the actual vindictiveness of the sentencing authority. *Alabama*, 490 U.S. at 801-02, 109 S.Ct. at 2205-06. Where there is no such reasonable likelihood, the burden is on the defendant to prove actual vindictiveness. *Id.* at 800, 109 S.Ct. at 2205.

Thus, the first question presented is whether the actions of the solicitor in this case warrant the application of the prophylactic presumption of prosecutorial vindictiveness. We conclude they do not. As in *Blackledge*, Fletcher exercised a procedural right to appeal the convictions arguably emanating from the same conduct which provided the basis for the greater charges. Unlike *Blackledge*, the decision to charge Fletcher with the offense of pointing a firearm was initiated at the same time the municipal charges were brought and was not "action detrimental to the defendant . . . taken after the exercise of a legal right."[3] *Goodwin*, 457 U.S. at 373, 102 S.Ct. at 2488.

In South Carolina, the solicitor is charged with the responsibility of prosecuting criminal charges, including procurement of the proper indictment from the grand jury. *See* S.C. Const. art. V, § 24; S.C. Code Ann. §§ 1-7-320 (1986), 14-9-210 (1977). The mere continuation of the prosecution of an existing charge does not constitute action which is constitutionally prohibited as retaliatory in nature, and it does not give rise to the suggestion that a presumption of vindictiveness is warranted. *See Bordenkircher v. Hayes*, 434 U.S. at 364, 98 S.Ct. at 668 ("In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to

---

[3] Fletcher initially argued the indictment for pointing a firearm was also a direct indictment which followed the successful appeal of the municipal charges. During reargument, Fletcher clarified her original position and now concedes she was not directly indicted on the charge, but was charged with pointing a firearm at the same time she was charged with the municipal offenses.

prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."); *see also Goodwin*, 457 U.S. at 382, 102 S.Ct. at 2493 ("A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution."); *State v. Dawkins*, 297 S.C. 386, 377 S.E. (2d) 298 (1989) (there was no vindictiveness where prosecutor filed additional charges which more specifically detailed the criminal behavior after the defendant complained the original indictment lacked specificity).

Furthermore, the incentives to discourage the appeal of a misdeamor conviction noted in *Blackledge* are not inherent in these circumstances. Unlike *Blackledge*, the solicitor in this case had no stake in discouraging the appeal of the municipal convictions because the initiation of that review process did not increase the demand upon the prosecution resources. They were already faced with the duty of prosecuting the separate charge of pointing a firearm, and the final adjudication of the municipal offenses had no legal impact upon this duty absent a judicial bar imposed on principles of double jeopardy.

Because there is insufficient evidence of a reasonable likelihood of prosecutorial vindictiveness, Fletcher is required to prove actual prosecutorial vindictiveness. Fletcher argues actual prosecutorial vindictiveness is established by the attempted prosecution of the direct indictment for assault with intent to kill. In essence, Fletcher asserts the direct indictment for assault with intent to kill constitutes a change in the charging decision by the solicitor occurring after the successful exercise of Fletcher's legal right to appeal which, because of the timing of the direct indictment, establishes actual vindictiveness. We disagree.

The only evidence presented to the trial court in support of the allegation of actual vindictiveness is the timing of the direct indictment. In contrast, the solicitor represented to the court that he was unaware of the pending municipal charges until the week prior to trial. He argued the direct indictment was precipitated by review of the file, revealing to him that "the situation was more violent than just pointing a firearm" because Fletcher actually fired the weapon at the alleged victim. We conclude that any inference of vindictiveness which can be derived from the timing of the direct indictment is in-

sufficient to prove an improper motivation in the continued prosecution of the existing charge of pointing a firearm, where, as here, the evidence established probable cause to believe the crime had occurred.

Fletcher also argues the trial judge erred in refusing to ■ clarify the jury charges regarding Fletcher's defense of self-defense during the judge's charges regarding the verdict forms. This argument is without merit. The trial judge correctly charged the jury the four elements required to establish self-defense. The judge further charged the jury the model charge approved in *State v. Davis*, 282 S.C. 45, 317 S.E. (2d) 452 (1984), and now required by *State v. Glover*, 284 S.C. 152, 326 S.E. (2d) 150 (1985), *cert. denied*, 471 U.S. 1068, 105 S.Ct. 2147, 85 L.Ed. (2d) 503 (1985).[4] The trial judge was not required to repeat the charge when instructing the jury on the verdict forms.

Accordingly, for the foregoing reasons, the conviction is

Affirmed.

HOWELL, C.J., and GOOLSBY, J., concur.

---

[4] The body of common law self-defense outside the *Davis* charge was not at issue in this case. *See State v. Fuller*, 297 S.C. 440, 377 S.C. (2d) 328 (1989) (the *Davis* charge is insufficient if there are facts and circumstances indicating further charges on the common law of self-defense are necessary).