525 S.E.2d 250

**The STATE, Respondent,**

v.

**Jeffrey HIGGENBOTTOM, Appellant.**

No. 3074.

Court of Appeals of South Carolina.

Heard Oct. 7, 1999.

Decided Nov. 16, 1999.

Rehearing Denied Jan. 29, 2000.

638

Assistant Appellate Defender Aileen P. Clare, of South Carolina Office of Appellate Defense, of Columbia, for Appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott and Assistant Attorney General G. Robert DeLoach, III, all of Columbia; and Solicitor Barbara R. Morgan, of Aiken, for Respondent.

ANDERSON, Judge:

Jeffrey Higgenbottom entered an *Alford*[1] plea to one count of possession of cocaine, first offense. The trial court sentenced Higgenbottom to two years imprisonment and a $5,000 fine, suspended upon the service of thirty days or payment of $750, and eighteen months probation. The day after the plea, Higgenbottom moved for reconsideration of his probationary sentence. The court extended his probationary term from eighteen to twenty-four months. Higgenbottom appeals, seeking a new trial, or in the alternative, a new hearing on his motion for reconsideration. We affirm.

## *FACTS/PROCEDURAL BACKGROUND*

While being "booked" after a disorderly conduct arrest, Higgenbottom pulled a spoon out of his pocket and told the officers he "might as well get one last piece of it." The officers seized the spoon, which tested positive for cocaine residue. Higgenbottom claimed he found the spoon while cleaning the parking lot at his tire store, placed it in his pocket when "a customer pulled up," and "forgot [he] had it."

## *ISSUE*

Is there a "reasonable likelihood" the enhancement of Higgenbottom's sentence on motion to reconsider constituted vindictiveness on the part of the trial judge?

## *LAW/ANALYSIS*

Higgenbottom asserts the trial court violated his due process rights when the court imposed a harsher sentence upon reconsideration. He contends the "extension of [his] sentence is unlawful because it was imposed solely in retaliation for [his] exercise" of his right to bring post-trial motions. We disagree.

Higgenbottom did not personally attend his motion for sentence reconsideration. When Higgenbottom's counsel informed the court of the nature of the motion, to request

---

1. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

reduction of the probationary sentence from eighteen to twelve months, the following exchange occurred:

The Court: Mr. Landry, *Mr. Higgenbottom is lucky.* Maybe I ought to reconsider his sentence completely.

Mr. Landry [defense counsel]: I discussed that with him before I came.

The Court: It takes a lot of courage for a lawyer to come back to ask for a reconsideration like that. Since this term of court has not expired and since he is asking for a reconsideration maybe I ought to just reconsider it on my own and extend his sentence ... have his [sic] picked up to do jail time.

Mr. Landry: I understand that, Your Honor. I discussed it with him before he asked for this.

The Court: *He just about talked himself into jail as it was.* No, sir; *I'm going to give him twenty-four months probation. We're going to see if he can do probation. Maybe he'll be cleaning up his lot again.* Since you made the motion to reconsider, I'm denying that motion and I'm reconsidering my sentence and extending his probation to twenty-four months. (Emphasis added).

■ Initially, we note the State maintains Higgenbottom failed to preserve this issue for appeal because he did not argue to the trial court that the court had improperly extended his probationary sentence. To preserve a challenge to sentencing, an appellant must raise the issue to the trial court. *State v. Johnston,* 333 S.C. 459, 510 S.E.2d 423 (1999). Higgenbottom objected to his original sentence and received a higher sentence on resentencing. If Higgenbottom objected to his sentence in this resentencing scenario, surely he would place himself in a perilous posture. The "rule of futility" should save Higgenbottom from the clutches of *Johnston.* In *State v. Pace,* 316 S.C. 71, 447 S.E.2d 186 (1994), the Supreme Court enunciated a "rule of futility" in certain trial scenarios. *Pace* edifies: "As to counsel's failure to raise an objection, the tone and tenor of the trial judge's remarks concerning her gender and conduct were such that any objection would have been futile." *Id.* at 74, 447 S.E.2d at 187. *State v. McDaniel,* 320 S.C. 33, 462 S.E.2d 882 (Ct.App.1995), amplifies the dilemma of a defense attorney: "So long as the judge had an

opportunity to rule on an issue, and did so, it was 'not incumbent upon defense counsel to harass the judge by parading the issue before him again.'" *Id.* at 37, 462 S.E.2d at 884. Apodictically, the tone and tenor of the judge revealed the futility of an objection.

In the seminal case of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the United States Supreme Court addressed the constitutionality of the imposition of a harsher sentence on retrial after a criminal defendant successfully attacks an initial conviction on appeal. The Court opined:

> We hold ... that neither the double jeopardy provision nor the Equal Protection Clause imposes an absolute bar to a more severe sentence upon reconviction. A trial judge is not constitutionally precluded, in other words, from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's "life, health, habits, conduct, and mental and moral propensities." Such information may come to the judge's attention from evidence adduced at the second trial itself, from a new presentence investigation, from the defendant's prison record, or possibly from other sources. The freedom of a sentencing judge to consider the defendant's conduct subsequent to the first conviction in imposing a new sentence is no more than consonant with the principle, fully approved in *Williams v. New York*, [337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949) ], that a State may adopt the "prevalent modern philosophy of penology that the punishment should fit the offender and not merely the crime."

> To say that there exists no absolute constitutional bar to the imposition of a more severe sentence upon retrial is not, however, to end the inquiry. There remains for consideration the impact of the Due Process Clause of the Fourteenth Amendment.

> It can hardly be doubted that it would be a flagrant violation of the Fourteenth Amendment for a state trial court to follow an announced practice of imposing a heavier sentence upon every reconvicted defendant for the explicit purpose of punishing the defendant for his having succeeded in getting his original conviction set aside. Where, as in

each of the cases before us, the original conviction has been set aside because of a constitutional error, the imposition of such a punishment, "penalizing those who choose to exercise" constitutional rights, "would be patently unconstitutional." And the very threat inherent in the existence of such a punitive policy would, with respect to those still in prison, serve to "chill the exercise of basic constitutional rights." But even if the first conviction has been set aside for nonconstitutional error, the imposition of a penalty upon the defendant for having successfully pursued a statutory right of appeal or collateral remedy would be no less a violation of due process of law. "A new sentence, with enhanced punishment, based upon such a reason, would be a flagrant violation of the rights of the defendant." A court is "without right to ... put a price on an appeal. A defendant's exercise of a right of appeal must be free and unfettered.... [I]t is unfair to use the great power given to the court to determine sentence to place a defendant in the dilemma of making an unfree choice." "This Court has never held that the States are required to establish avenues of appellate review, but it is now fundamental that, once established, these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts.["]

Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

*Pearce*, 395 U.S. at 723–24, 89 S.Ct. at 2079–80, 23 L.Ed.2d at 668–69 (citations and footnote omitted).

The *Pearce* Court fashioned a presumption that a trial court's imposition of a harsher sentence upon resentencing results from vindictiveness and offered prophylactic measures a trial court could use to protect itself from reversal in instances in which it imposed a harsher, albeit nonvindictive, sentence upon reconviction:

In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

*Pearce,* 395 U.S. at 726, 89 S.Ct. at 2081, 23 L.Ed.2d at 670.

The *Pearce* presumption has been emasculated by subsequent cases. In *Blackledge v. Perry,* 417 U.S. 21, 27, 94 S.Ct. 2098, 2102–03, 40 L.Ed.2d 628, 634 (1974), the Court explained *Pearce* and its progeny made clear "that the Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose a realistic likelihood of 'vindictiveness.' "

The Court, in *United States v. Goodwin,* 457 U.S. 368, 369–70, 102 S.Ct. 2485, 2487, 73 L.Ed.2d 74, 78 (1982), addressed the question of whether the *Pearce* presumption "that has been used to evaluate a judicial or prosecutorial response to a criminal defendant's exercise of a right to be retried after he has been convicted should also be applied to evaluate a prosecutor's pretrial response to a defendant's demand for a jury trial." In *Goodwin,* the appellant claimed the prosecutor indicted him on additional charges when he refused to plead guilty and demanded a jury trial. The Court noted that, because no evidence in the case would support a claim of actual vindictiveness, reversal was only available if a presumption of vindictiveness applied. In declining to apply a presumption of vindictiveness under the given facts, the Court reasoned the "possibility that a prosecutor would respond to a defendant's pretrial demand for a jury trial by bringing charges not in the public interest that could be explained only as penalty imposed on the defendant is so *unlikely* that a presumption of vindictiveness certainly is not warranted." *Id.* at 384, 102 S.Ct. at 2494, 73 L.Ed.2d at 87 (emphasis in original).

Revisiting the *Pearce* presumption in *Wasman v. United States*, 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984), the Court applied the presumption in a case where the appellant received a harsher sentence upon reconviction following a successful appeal. The Court found the trial judge "carefully explained his reasons for imposing the greater sentence." *Id.* at 569, 104 S.Ct. at 3223, 82 L.Ed.2d at 433. The Court acknowledged that "[i]n only one other circumstance has this Court identified a need to indulge a presumption of vindictiveness of the kind imposed in *Pearce.*" *Id.* at 565, 104 S.Ct. at 3221, 82 L.Ed.2d at 431. Further, the Court clarified that "where the presumption applies, the sentencing authority or the prosecutor must rebut the presumption that an increased sentence or charge resulted from vindictiveness; where the presumption does not apply, the defendant must affirmatively prove actual vindictiveness." *Id.* at 569, 104 S.Ct. at 3223, 82 L.Ed.2d at 433.

In *Texas v. McCullough*, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986), the appellant was convicted of murder in a jury trial and elected, in accordance with his rights under Texas law, to have the jury impose his sentence. He moved for a new trial based on prosecutorial misconduct. The judge granted the motion. The appellant received a new trial before the same judge and a different jury. Again he was convicted of murder, but elected to have the trial judge sentence him. Whereas the jury in the first trial sentenced the appellant to twenty years, the judge imposed a fifty year sentence at the conclusion of the second trial. The Court held the *Pearce* presumption did not apply. The Court's reasoning is particularly enlightening to the facts of the present case:

In contrast to *Pearce*, McCullough's second trial came about because the trial judge herself concluded that the prosecutor's misconduct required it. Granting McCullough's motion for a new trial hardly suggests any vindictiveness on the part of the judge towards him. *"[U]nlike the judge who has been reversed,"* the trial judge here had *"no motivation to engage in self-vindication."* In such circumstances, there is also no justifiable concern about "institutional interests that might occasion higher sentences by a judge desirous of discouraging what he regards as meritless appeals." In granting McCullough's new trial

motion, [the judge] went on record as agreeing that his "claims" had merit. Presuming vindictiveness on this basis alone would be tantamount to presuming that a judge will be vindictive towards a defendant merely because he seeks an acquittal. Thus, in support of its position, the dissent conjures up visions of judges who view defendants as temerarious for filing motions for new trials, and who are "annoyed" at being forced "to sit through ... trial[s] whose result[s][are] foregone conclusion[s]." We decline to adopt the view that the judicial temperament of our Nation's trial judges will suddenly change upon the filing of a successful post-trial motion. The presumption of *Pearce* does not apply in situations where the possibility of vindictiveness is this speculative, particularly since the presumption may often "operate in the absence of any proof of an improper motive and thus ... block a legitimate response to criminal conduct." Indeed, not even "apprehension of such a retaliatory motivation on the part of the sentencing judge" could be present in this case. McCullough was entitled by law to choose to be sentenced by either a judge or a jury. Faced with that choice, on retrial McCullough chose to be sentenced by [the judge]. There can hardly be more emphatic affirmation of his appraisal of [the judge's] fairness than this choice. Because there was no realistic motive for vindictive sentencing, the *Pearce* presumption was inappropriate.

The presumption is also inapplicable because different sentencers assessed the varying sentences that McCullough received. In such circumstances, a sentence "increase" cannot truly be said to have taken place.

*McCullough,* 475 U.S. at 138–40, 106 S.Ct. at 979, 89 L.Ed.2d at 111–12 (emphasis added) (citations omitted).

The Court, in *Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), entertained an appeal from an appellant who received a harsher sentence at trial than was imposed after a prior guilty plea, which he successfully attacked. The same judge who presided over appellant's trial had accepted his earlier guilty plea. In finding the presumption of vindictiveness did not apply, the Court overruled *Pearce's* companion case, *Simpson v. Rice,* which was procedurally identical to Smith's. The Court concluded "there is no basis for a presumption of vindictiveness where a second

sentence imposed after a trial is heavier than a first sentence imposed after a guilty plea." *Id.* at 803, 109 S.Ct. at 2207, 104 L.Ed.2d at 875. Discussing the erosion of the presumption of vindictiveness, the Court stated:

> While the *Pearce* opinion appeared on its face to announce a rule of sweeping dimension, our subsequent cases have made clear that its presumption of vindictiveness "do[es] not apply in every case where a convicted defendant receives a higher sentence on retrial." As we explained in *Texas v. McCullough,* "the evil the [*Pearce* ] Court sought to prevent" was not the imposition of "enlarged sentences after a new trial" but "vindictiveness of a sentencing judge." Because the *Pearce* presumption "may operate in the absence of any proof of an improper motive and thus . . . block a legitimate response to criminal conduct," *we have limited its application,* like that of "other 'judicially created means of effectuating the rights secured by the [Constitution],' " *to circumstances* "where its 'objectives are thought most efficaciously served[.]' " Such circumstances are those *in which there is a "reasonable likelihood," that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority.* Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness.

*Smith,* 490 U.S. at 799, 109 S.Ct. at 2204–05, 104 L.Ed.2d at 872–73 (emphasis added) (citations omitted).

The modification of the once strong presumption of vindictiveness established by *Pearce* is reflected in the decisions of courts in other jurisdictions. For example, in *Colorado v. Williams,* 916 P.2d 624 (Colo.Ct.App.1996), after successfully appealing his conviction for second degree murder, the appellant received a new trial, in which he was additionally tried on five counts charging him with being an habitual criminal. Appellant argued a defendant's sentence following reconviction on remand could only be increased if " 'based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.' " *Id.* at 626 (quoting *Pearce,* 395 U.S. at 726, 89 S.Ct. at 2081, 23 L.Ed.2d at 670). The Colorado appellate court noted that *Texas v. McCullough,* 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986), declared a defendant who

had successfully appealed a conviction might properly receive a longer sentence upon reconviction if it was learned he had a long criminal history which was undiscovered until after the first conviction because of his use of an alias. The Colorado court further stated a harsher sentence upon a second conviction was proper where the information of appellant's prior convictions was available, but unknown to the sentencing court or solicitor at the first trial.

In *United States v. Mabry*, 953 F.2d 127 (4th Cir.1991), the Fourth Circuit Court of Appeals considered an appellant's claim of vindictiveness by the government in her sentencing. Appellant's challenge to the findings of a pre-sentencing report triggered a mandatory sentencing hearing. During the hearing, a witness testified to bad acts by the appellant which had not been revealed when this same witness testified during the guilt phase. The appellant claimed the introduction of this testimony "constituted a vindictive attempt to chill her initiative to raise the claim, as well as the future attempts of others similarly situated to raise such claims." *Id.* at 132. The court concluded the appellant's reliance upon the *Pearce* presumption was misplaced, finding *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), "severely limited the *Pearce* opinion, and asserted that when there is no 'reasonable likelihood' that an increase in sentence is the product of actual vindictiveness, 'the burden remains upon the defendant to prove actual vindictiveness.'" *Id.* at 133. In *United States v. Kincaid*, 964 F.2d 325 (4th Cir.1992), the Fourth Circuit noted the *Pearce* rule had been limited by *Smith*.

The *Pearce* rule has been perceived as so restricted by subsequent cases that some courts cite it as having been overruled by *Smith*. *See State v. Oliver*, 343 N.C. 202, 470 S.E.2d 16 (1996); *Gorham v. Commonwealth*, 15 Va.App. 673, 426 S.E.2d 493 (1993); *State v. Gill*, 187 W.Va. 136, 416 S.E.2d 253 (1992).

The appellate courts in South Carolina have addressed the presumption of vindictiveness on more than one occasion. In *State v. Hilton*, 291 S.C. 276, 353 S.E.2d 282 (1987), our Supreme Court, citing *Pearce*, noted "vindictiveness against a defendant for seeking appellate review and obtaining a new trial must not be a factor in the sentence the defendant

receives after retrial." *Id.* at 277–78, 353 S.E.2d at 283. Following the reasoning of *McCullough, supra,* the *Hilton* Court held the *Pearce* presumption did not apply because the appellant's sentence after his new trial was imposed by a different judge than the one at his original trial. Without the presumption, the Court stated the appellant had to prove actual vindictiveness to prevail. The court found no evidence of actual vindictiveness and affirmed the appealed sentence.

In *State v. Fletcher,* 322 S.C. 256, 471 S.E.2d 702 (Ct.App. 1996), written after the decision in *Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), this Court explained the current state of the law regarding vindictiveness in resentencing:

> It is a due process violation to punish a person for exercising a protected statutory or constitutional right. In a criminal prosecution, however, punishment of the offender is recognized as a proper motivation for a sentencing trial judge or a prosecutor. As stated in [*United States v. Goodwin,* 457 U.S. 368, 372–73, 102 S.Ct. 2485, 2488–89, 73 L.Ed.2d 74 (1982)], "[t]he presence of a punitive motivation, therefore, does not provide an adequate basis for distinguishing governmental action that is fully justified as a legitimate response to perceived criminal conduct from governmental action that is an impermissible response to noncriminal, protected activity."

> . . . .

> The presumption of vindictiveness is premised on the need to guard against actual vindictiveness in the resentencing process. The inquiry, however, is not focused solely on the presence or absence of actual vindictive motive, but includes whether the action taken, which exposes the accused to an increased punishment, poses such a "reasonable likelihood of vindictiveness" as to require a presumption of vindictiveness. The presumption is applied only where there is a "reasonable likelihood" that an unexplained increase in a defendant's sentence is due to the actual vindictiveness of the sentencing authority. Where there is no such reasonable likelihood, the burden is on the defendant to prove actual vindictiveness.

*Fletcher*, 322 S.C. at 260–61, 471 S.E.2d at 704–05 (citations omitted).

The dissent cites *State v. Hidalgo*, 684 So.2d 26 (La.Ct.App. 1996), in support of the conclusion that the sentence in the present case was vindictive. *Hidalgo* is factually inapposite to the case at bar. The trial court in *Hidalgo* specifically nexed the resentencing activity to the exercise of constitutional rights: "Instead of taking his medicine, admitting his guilt, and accepting his sentence, *he chose instead to attack his plea when he knew it was free and voluntary.*" *Id.* at 31 (emphasis added). The Court of Appeal of Louisiana opined "the court not only failed to provide adequate justification on the record for its decision to increase the defendant's sentence but also *apparently increased his sentence because he chose to exercise his right to attack his guilty plea.*" *Id.* (emphasis added).

■ The trial judge in the instant case, unlike a trial judge who had been reversed, had no motive to vindicate himself by imposing a harsher sentence. *See Texas v. McCullough,* 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986). Because there is no reasonable likelihood of vindictiveness in a case such as this, where a trial court is reconsidering a defendant's sentence upon the defendant's request, the *Pearce* presumption does not apply. Thus, in order to prevail, Higgenbottom must prove actual vindictiveness.

■ Despite the State's claim that if the case had gone to trial several police officers could testify Higgenbottom made the spontaneous self-incriminating statement that he "might as well get one last piece of it" as he put the spoon with cocaine traces on it into his mouth, Higgenbottom claimed the spoon was not his and pled guilty under *Alford.* Before the court initially sentenced Higgenbottom, defense counsel informed the court of Higgenbottom's medical disabilities and asked the court, "in its discretion, to give him a small fine, place him on probation for one year and give him a small amount of community service."

We find Higgenbottom did not meet his burden of proving "actual vindictiveness." The court's decision to extend Higgenbottom's probationary sentence was based on a review of the facts of the case. The court did not believe Higgenbottom's explanation of how a cocaine-laced spoon made its way into his

pocket, considering his actions and statement at the police department.

## CONCLUSION

We hold the *Pearce* rule of *"presumption of vindictiveness"* is applied *only* where there is a *"reasonable likelihood"* the increase in sentence is the product of *"actual vindictiveness"* on the part of the sentencing authority. Where there is no such "reasonable likelihood," the burden is on the defendant to prove "actual vindictiveness." In the case *sub judice*, Higgenbottom failed to prove "actual vindictiveness." The fact-based reconsideration does not rise to the level of "actual vindictiveness" on the part of the sentencing judge. The sentence was properly extended. Accordingly, Higgenbottom's sentence and conviction are

**AFFIRMED.**

GOOLSBY, J., concurs in result only in a separate opinion.

CONNOR, J., dissents in a separate opinion.

GOOLSBY, Judge (concurring):

I, too, would affirm, but for a different reason. The appellant Jeffrey Higgenbottom never argued to the trial court the question he argues here, *i.e.*, that his due process rights were violated because the trial court extended his sentence "solely in retaliation for [Higgenbottom's] exercise of his statutory right to bring post-trial motions." Unless an issue is raised to and ruled on by the trial court, the Court of Appeals cannot address it.[1] At no point below did Higgenbottom question the

---

1. *See State v. Hudgins*, 319 S.C. 233, 460 S.E.2d 388 (1995) (a defendant's claim that the imposition of the death penalty on a seventeen-year old constituted cruel and unusual punishment held procedurally barred where the defendant did not raise the issue in the trial court); *State v. Owen*, 275 S.C. 586, 274 S.E.2d 510 (1981) (the appellants' contention that their respective sentences constituted cruel and unusual punishment held procedurally barred because it was not first presented to the trial court); *cf. State v. McKinney*, 278 S.C. 107, 292 S.E.2d 598 (1982) (absent a timely objection during the guilty plea proceeding, the unknowing or involuntary nature of a guilty plea cannot be raised on direct appeal, but must be addressed through the more appropriate channel of post-conviction relief).

trial court's action on any basis whatsoever or attempt to do so. Indeed, his counsel seemed to concede the court had the power to do what it did. *Viz.:*

> [COUNSEL]: Your Honor, I have one brief matter; It's a motion to reconsider on Jeffrey Higgenbottom.... As the court recalls, yesterday you sentenced Mr. Higgenbottom to ... two years in the Department of Corrections, $5,000, suspended upon thirty days or $750 with eighteen months probation and thirty days public service employment. At his request I am waiving his presence and asking for the court to ... reconsider the probationary sentence specifically and reduce that to twelve months.

> COURT: [Counsel], Mr. Higgenbottom is lucky. Maybe I ought to reconsider his sentence completely.

> [COUNSEL]: I discussed that with him before I came.

> COURT: It takes a lot of courage for a lawyer to come back to ask for a reconsideration like that. Since this term of court has not expired and since he is asking for a reconsideration maybe I ought to just reconsider it on my own and extend his sentence ... have hi[m] picked up to do jail time.

> [COUNSEL]: I understand that, your Honor. I discussed it with him before he asked for this.

> THE COURT: He just about talked himself into jail as it was. No, sir; I'm going to give him twenty-four months probation. We're going to see if he can do probation. Maybe he'll be cleaning up his lot again. Since you made the motion to reconsider, I'm denying that motion and I'm reconsidering my sentence and extending his probation to twenty-four months.

Certainly, if counsel felt the trial court lacked authority to do what it did, either because of statute or because of some constitutional prohibition, then was the time to say so.

Moreover, nothing either in the record of the proceedings held on Higgenbottom's motion or about the tone and tenor of the trial court's remarks during those proceedings suggests it would have been futile for counsel to have raised the issue now argued to us.

CONNOR, Judge (Dissenting):

I respectfully dissent. Where the same judge who accepted the plea increases the sentence the day after the plea, I believe precedent requires a finding that there is a reasonable likelihood of vindictiveness.[1]

As stated in the lead opinion, *Smith* limited the *Pearce* presumption of vindictiveness to circumstances "in which there is a 'reasonable likelihood' that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." *Alabama v. Smith*, 490 U.S. 794, 800, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989) (overruling *Simpson v. Rice*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (companion case to *North Carolina v. Pearce* )) (citation omitted). The Court determined whether a "reasonable likelihood" of vindictiveness existed by asking if the increase in sentence was "more likely than not" attributable to the vindictiveness of the sentencing judge. *Id.* at 801–02, 109 S.Ct. 2201. Here the defendant moved for reconsideration of sentencing before the same judge. The defendant did not appear at the hearing, and the judge had no new information presented to him. The judge increased the sentence without explanation. Under these facts, prior case law requires a finding that the sentence increase was "more likely than not" attributable to vindictiveness.

---

1. Although the words "vindictive" and "vindictiveness" are used in *Pearce* and its progeny to describe the improper motivation for increased sentences, the words "retaliation" and "retaliatory" are also used and in the case at bar are more accurate. *See North Carolina v. Pearce*, 395 U.S. 711, 725, 89 S.Ct. 2072 (1969) (stating "due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge"); *United States v. Goodwin*, 457 U.S. 368, 372, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982) ("Because the court believed that the circumstances surrounding the felony indictment gave rise to a genuine risk of retaliation, it adopted a legal presumption...."); *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) ("The Court has emphasized that the due process violation in cases such as *Pearce* and *Perry* lay not in the possibility that a defendant might be deterred from the exercise of a legal right, but rather in the danger that the State might be retaliating against the accused for lawfully attacking his conviction." (citations omitted)); *Blackledge v. Perry*, 417 U.S. 21, 28, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) ("A person convicted of an offense is entitled to pursue his statutory right to a trial *de novo*, without apprehension that the State will retaliate....").

In *Smith,* the Court concluded a reasonable likelihood of vindictiveness did not exist when a defendant attacked his guilty plea and receives a harsher sentence after retrial by the same judge who accepted the original guilty plea. *Id.* at 801, 109 S.Ct. 2201. It is particularly important, in light of the lead opinion, to explain the factors that led the Supreme Court to its decision in *Smith.*

The decision in *Smith* focused on the sentencing judge's access to a "greater amount of sentencing information that a trial generally affords as compared to a guilty plea." *Id.* at 803, 109 S.Ct. 2201. The Court explained that "in the course of the proof at trial the judge may gather a fuller appreciation of the nature and extent of the crimes charged." *Id.* at 801, 109 S.Ct. 2201. Furthermore, "[t]he defendant's conduct during trial may give the judge insights into his moral character and suitability for rehabilitation." *Id.* This additional information is generally not before the judge when sentencing after a guilty plea. It is only available for the judge's consideration after trial. Because the judge in *Smith* could have based the increased sentence on the information available to him during trial, the Supreme Court held there was no reasonable likelihood of vindictiveness and the presumption of *Pearce* should not apply.

In the case at bar, the judge sentenced Higgenbottom after an *Alford* guilty plea. *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The next day Higgenbottom's attorney made a motion for reconsideration of the sentence. The following exchange occurred:

[COUNSEL]: Your Honor, I have one brief matter; It's a motion to reconsider on Jeffrey Higgenbottom.... At his request I am waiving his presence and asking for the Court ... to reconsider the probationary sentence specifically and reduce that to twelve months.

COURT: [Counsel], *Mr. Higgenbottom is lucky. Maybe I ought to reconsider his sentence completely.*

[COUNSEL]: I discussed that with him before I came.

COURT: *It takes a lot of courage for a lawyer to come back to ask for a reconsideration like that.* Since this term of court has not expired and *since he is asking for a reconsideration* maybe I ought to just reconsider it on my own and

extend his sentence ... have his [sic] picked up to do jail time.

[COUNSEL]: I understand that, Your Honor. I discussed it with him before he asked for this.

COURT: He just about talked himself into jail as it was. No, sir; I'm going to give him twenty-four months probation. We're going to see if he can do probation. Maybe he'll be cleaning up his lot again. *Since you made the motion to reconsider,* I'm denying that motion and I'm reconsidering my sentence and extending his probation to twenty-four months. (Emphasis added).

None of the things the Court considered in *Smith* in determining there was no reasonable likelihood of vindictiveness were present here. The sentencing judge did not "gather a fuller appreciation of the nature and extent of the crimes charged" through any evidence that was not before him the previous day because no new evidence was presented at the motion hearing. *Smith,* 490 U.S. at 801, 109 S.Ct. 2201. Nor could the defendant's conduct at the motion hearing have given the judge "insights into his moral character and suitability for rehabilitation" because he did not appear at the motion hearing. *Id.* One day after the original sentencing, the only thing that was different about Higgenbottom's case was his motion to reconsider.

In *Smith,* the Supreme Court specifically distinguished its holding from cases in which the same sentencing judge presides over both the initial trial and the second trial. The Court held, "There, the sentencing judge who presides at both trials can be expected to operate in the context of roughly the same sentencing considerations after the second trial as he does after the first; *any unexplained change in the sentence is therefore subject to a presumption of vindictiveness." Id.* at 802, 109 S.Ct. 2201 (emphasis added). In those cases the Court found the *Pearce* presumption would apply. Where, as here, no new evidence is before the court on a motion for reconsideration, the sentencing judge should be similarly constrained. The unexplained increase in the sentence makes the facts of this case likewise subject to the presumption of vindictiveness.

The lead opinion states the sentencing judge increased the sentence after reconsidering Higgenbottom's account of how the cocaine-laced spoon got into his pocket. However, that same information was before the judge when the original sentence was imposed. To avoid the presumption of vindictiveness new evidence must be presented to the sentencing judge. *See Wasman v. United States,* 468 U.S. 559, 572, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984) ("[A] sentencing authority may justify an increased sentence by affirmatively identifying relevant conduct or events that occurred subsequent to the original sentencing proceedings."); *see also United States v. Goodwin,* 457 U.S. 368, 374, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982) (The presumption of vindictiveness "may be overcome only by objective information in the record justifying the increased sentence."). Allowing an increased sentence based on a reconsideration of the same evidence would effectively eliminate the protection the United States Supreme Court attempted to provide in *Pearce.*

Each of the cases the majority cites where the presumption of vindictiveness did not apply involve procedural and factual distinctions from the instant case. In those cases, either the second sentencer was different or additional facts were presented.[2]

In *Texas v. McCullough,* 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986), the defendant was convicted and sentenced to twenty years by a jury. The trial judge granted the defendant's motion for a new trial, and the defendant elected to be sentenced by the judge after the second trial. The trial judge sentenced the defendant to fifty years. The United States Supreme Court held there was no reasonable likelihood of vindictiveness because: (1) the trial judge granted the new trial; (2) the jury and the judge were different sentencers; and (3) new evidence was presented at the second trial. *Id.* at 138–43, 106 S.Ct. 976.

---

2. The lead opinion also cites: *United States v. Goodwin,* 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982); *United States v. Mabry,* 953 F.2d 127 (4th Cir.1991); and *State v. Fletcher,* 322 S.C. 256, 471 S.E.2d 702 (Ct.App.1996). However, the foregoing cases involve prosecutorial vindictiveness rather than vindictiveness in sentencing and are only relevant insofar as they generally discuss the *Pearce* presumption.

In *Colorado v. Williams,* 916 P.2d 624 (Colo.Ct.App.1996), after the defendant successfully appealed his conviction, the trial court allowed the district attorney to add five new counts charging the defendant as an habitual criminal. The jury found the defendant guilty of all charges, and he received an increased sentence. The Court of Appeals of Colorado held the presumption of vindictiveness did not apply when new evidence of the defendant's criminal record under an alias was presented to the court at the second trial. *Id.* at 626–27.

In *State v. Hilton,* 291 S.C. 276, 353 S.E.2d 282 (1987), the defendant was convicted of assault and battery with intent to kill and sentenced to fifteen years. The Court of Appeals reversed. On retrial, a different trial judge sentenced the defendant to twenty years for the same offense. The South Carolina Supreme Court followed *Texas v. McCullough,* 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986), and held "the *Pearce* presumption is inapplicable when the second sentencing judge is someone other than the original judge." *Hilton,* 291 S.C. at 279, 353 S.E.2d at 284.

A recent Louisiana decision is factually similar to this case. In *Louisiana v. Hidalgo,* 684 So.2d 26 (La.Ct.App.1996), the defendant was sentenced by the judge after entering a guilty plea. He thereafter filed a motion to withdraw or set aside the guilty plea and a motion to reconsider his sentence. The judge denied the motion to withdraw the guilty plea, but increased the sentence with no new evidence.

The Court of Appeal of Louisiana discussed the due process requirement that a sentencing judge provide justification in the record for an increased sentence. It held "the increased sentence failed to satisfy the dictates of due process as set forth in *Pearce.*" *Id.* The court also stated, "[T]he court not only failed to provide adequate justification on the record for its decision to increase the defendant's sentence [as required by *Pearce*] but also apparently increased his sentence because he chose to exercise his right to attack his guilty plea." *Id.*

The lead opinion distinguishes *Hidalgo* by claiming that the Court of Appeal of Louisiana "specifically nexed the resentencing activity to the exercise of constitutional rights." However, when a judge increases a sentence in contravention of *Pearce,* that alone violates the constitutional right that *Pearce*

was intended to protect, specifically the right to due process. The Court of Appeal of Louisiana held the sentencing judge violated *Pearce* by increasing the sentence after the defendant's motion for reconsideration without providing adequate justification on the record. I believe *Hidalgo* is exactly like the case at hand. As in the instant case, the increased sentence followed the defendant's motion to reconsider and the same judge did not consider any new evidence.

According to precedent, the presumption of vindictiveness applies under the facts of this case. Because the sentencing judge failed to put adequate justification for the increase on the record to rebut that presumption, I would vacate the increased sentence and reinstate the original sentence.