542 S.E.2d 718

**The STATE, Respondent,**

v.

**Jeffery HIGGENBOTTOM, Petitioner.**

**No. 25248.**

Supreme Court of South Carolina.

Heard Dec. 6, 2000.

Decided Feb. 12, 2001.

---

8. The record indicates only that the wrongful death action brought by Tort Attorneys was settled in 1993.

12

Assistant Appellate Defender Aileen P. Clare, of the South Carolina Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Robert E. Bogan, Assistant Deputy Attorney General G. Robert Deloach, III, Assistant Attorney General Melody J. Brown, all of Columbia, and Solicitor Barbara R. Morgan, of Aiken, for respondent.

WALLER, Justice:

We granted a writ of certiorari to review the Court of Appeals' opinion in *State v. Higgenbottom,* 337 S.C. 637, 525 S.E.2d 250 (Ct.App.1999). We reverse.

## FACTS

Petitioner entered an *Alford*[1] plea to possession of cocaine,

---

1. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

first offense.[2] The trial court sentenced him to two years imprisonment and a $5,000 fine, suspended upon the service of thirty days imprisonment or payment of $750, and 18 months probation.

The next day, petitioner moved for reconsideration of the probationary sentence. As he had at the plea, petitioner requested twelve months probation. The following colloquy then occurred:

Trial Court: Mr. Landry, **Mr. Higgenbottom is lucky. Maybe I ought to reconsider his sentence completely.**

Mr. Landry [defense counsel]: I discussed that with him before I came.

The Court: **It takes a lot of courage for a lawyer to come back to ask for a reconsideration like that.** Since this term of court has not expired **and since he is asking for a reconsideration maybe I ought to just reconsider it on my own and extend his sentence ... have his [sic] picked up to do jail time.**

Mr. Landry: I understand that, Your Honor. I discussed it with him before he asked for this.

The Court: **He just about talked himself into jail as it was.** No, sir; I'm going to give him twenty-four months probation. **We're going to see if he can do probation.** Maybe he'll be cleaning up his lot again. **Since you made the motion to reconsider, I'm denying that motion and I'm reconsidering my sentence and extending his probation to twenty-four months.**

(Emphasis added.)

Petitioner appealed, arguing that the harsher sentence constituted a due process violation because the trial court in-

---

**2.** The possession charge arose out of petitioner's arrest for disorderly conduct. According to the State, while petitioner was being booked, police asked petitioner to empty his pockets. Petitioner then pulled a spoon out of his pocket, told the police that he might as well get one last piece of it, and put the spoon in and out of his mouth. The police seized the spoon, and it tested positive for traces of cocaine. According to petitioner, he picked up the spoon while cleaning the parking lot of the tire shop where he works. He placed the spoon in his pocket when a customer pulled up and then forgot about it.

creased his sentence in response to his motion to reconsider. A divided Court of Appeals affirmed.  *Higgenbottom, supra.*[3]

## ISSUE

Did the Court of Appeals err in finding no due process violation where the trial court, without any explanation or new evidence, increased petitioner's sentence on a motion to reconsider?

## DISCUSSION

Petitioner argues that his due process rights were violated when, in response to his motion for reconsideration and without any reasons on the record, the trial court increased his probationary sentence from 18 to 24 months.  We agree.[4]

It is a due process violation to punish a person for exercising a protected statutory or constitutional right.  *State v. Fletcher,* 322 S.C. 256, 471 S.E.2d 702, 704 (Ct.App.1996) (citing *United States v. Goodwin,* 457 U.S. 368, 372, 102 S.Ct. 2485, 2488, 73 L.Ed.2d 74 (1982)).  In the landmark opinion of *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Court held that the Due Process Clause of the Fourteenth Amendment prevented a trial court from penalizing a defendant for choosing to exercise his right to appeal.  The *Pearce* decision involved a defendant who successfully attacked his conviction on appeal and then upon conviction at the retrial, a harsher sentence was imposed. The Court stated that "[d]ue process of law ... requires that vindictiveness against a defendant for having successfully at-

---

3.  There was no majority opinion on the merits.  Judge Anderson wrote an opinion affirming on the merits which we will refer to as the "lead opinion;" Judge Goolsby concurred in result only, finding the issue procedurally barred; Judge Connor dissented.

4.  Initially, we note that petitioner's argument is not procedurally barred for appellate review.  Although the State contends that petitioner should have objected at the motion hearing in order to preserve this issue, we agree with the lead opinion's analysis and find that it would have been futile for petitioner to have raised this issue after the trial court had just increased his sentence.  *See Higgenbottom,* 337 S.C. at 640, 525 S.E.2d at 251 (if petitioner would have objected to his sentence, he would have placed himself in a "perilous posture").

tacked his first conviction must play no part in the sentence he receives after a new trial." *Id.* at 725, 89 S.Ct. at 2080, 23 L.Ed.2d at 669.

The *Pearce* Court therefore held that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear ... so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." *Id.* at 726, 89 S.Ct. at 2081, 23 L.Ed.2d at 670. This rule became known as the *Pearce* presumption. Thus, without objective evidence of a proper motivation to increase the sentence, the *Pearce* presumption applies to find a due process violation.

As we noted in *State v. Hilton,* 291 S.C. 276, 353 S.E.2d 282, *cert. denied,* 484 U.S. 832, 108 S.Ct. 106, 98 L.Ed.2d 66 (1987), the Supreme Court has restricted the *Pearce* rule in subsequent cases. For instance, the *Pearce* presumption does not apply when the harsher sentence is imposed by the higher court in a two-tiered trial system. *Colten v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972). The Court in *Colten* noted that the higher court which conducted Colten's trial and imposed the final sentence "was not the court with whose work Colten was sufficiently dissatisfied to seek a different result on appeal; **and it is not the court that is asked to do over what it thought it had already done correctly.**" *Id.* at 116–17, 92 S.Ct. at 1960, 32 L.Ed.2d at 593 (emphasis added).

In several other cases, the Supreme Court has held that the *Pearce* presumption was inapplicable. *E.g., Chaffin v. Stynchcombe,* 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973) (the *Pearce* presumption does not apply when a second jury on retrial imposes a harsher sentence than the first jury); *Texas v. McCullough,* 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986) (the *Pearce* presumption does not apply when the first sentence was imposed by a jury and the second, harsher sentence was imposed by a judge); *Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989) (the *Pearce* presumption does not apply when a defendant is sentenced to a harsher sentence upon retrial after successfully appealing from a guilty plea). Moreover, we held in *Hilton* that when the second sentencing judge is someone other than the origi-

nal trial judge, the *Pearce* presumption does not apply. *Hilton,* 291 S.C. at 279, 353 S.E.2d at 284.

Nonetheless, we disagree with the lead opinion's conclusion in *Higgenbottom* that the *Pearce* rule has been "emasculated" by these subsequent cases. *Higgenbottom,* 337 S.C. at 643, 525 S.E.2d at 253. Indeed, the Supreme Court has continued to apply the *Pearce* presumption where the circumstances warrant its application. *See Wasman v. United States,* 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984).[5] Furthermore, in *Alabama v. Smith,* the most recent Supreme Court case to address *Pearce,* the Court stated that the *Pearce* presumption remains applicable under circumstances "in which there is a 'reasonable likelihood' . . . that the increase of sentence is the product of actual vindictiveness on the part of the sentencing authority." *Alabama v. Smith,* 490 U.S. at 799, 109 S.Ct. at 2205, 104 L.Ed.2d at 873 (citation omitted).

Additionally, in situations similar to the instant case, two other jurisdictions have applied the *Pearce* presumption. As discussed in Judge Connor's dissent, the Court of Appeal of Louisiana in *State v. Hidalgo,* 684 So.2d 26, 31 (La.Ct.App. 1996), found a due process violation because the trial court "failed to provide adequate justification on the record for its decision to increase the defendant's sentence." In *Commonwealth v. Serrano,* 727 A.2d 1168 (Pa.Super.1999), the Superior Court of Pennsylvania found that an increase in sentence on a motion to modify a sentence was subject to the *Pearce* presumption. *Id.* at 1170. Because the trial court had the "same facts and information" at the motion to modify as it had at the time of the original sentence, and there were "no objective findings from which the sentencing increase [could] be explained," the *Serrano* court found the presumption was not rebutted. *Id.*

---

5. The defendant in *Wasman* received a greater sentence, by the same judge, at retrial after a successful appeal. The Court stated plainly that these circumstances were "sufficient to engage the presumption of *Pearce.*" *Wasman,* 468 U.S. at 569, 104 S.Ct. at 3223, 82 L.Ed.2d at 433. The Court did not, however, find a due process violation. Instead, the Court held that the presumption had been rebutted because the trial judge stated, on the record, that he increased the sentence because the defendant at retrial had two prior convictions, whereas at the original trial, he had only one prior conviction.

With the principles of *Pearce* in mind, we turn to the instant case. One day after the guilty plea, petitioner exercised his right to make a motion for reconsideration of his probationary sentence. *See, e.g., State v. Smith,* 276 S.C. 494, 497, 280 S.E.2d 200, 201 (1981) (a trial court has the authority to alter, amend or modify a sentence imposed by him within the same term of court as long as the State is afforded due notice); *see also* Rule 29, SCRCrim.P. (post trial motions shall be made within 10 days after the imposition of the sentence). The motion was brought before the same trial court which had imposed the sentence, and the trial court had the same information before it as it had the day before. Effectively, therefore, petitioner asked the trial court "to do over what it thought it had already done correctly." *Colten,* 407 U.S. at 117, 92 S.Ct. at 1960, 32 L.Ed.2d at 593. The trial court denied petitioner's request to reduce the sentence, and instead, increased the probationary sentence by six months. Under these circumstances, the *Pearce* presumption applies. *See Alabama v. Smith, supra; Wasman, supra.*

Because the trial court failed to put on the record objective reasons for the harsher sentence, the presumption cannot be rebutted. *Accord Serrano, supra; Hidalgo, supra.* Accordingly, we reverse the Court of Appeals, vacate the increased sentence, and reinstate petitioner's original 18–month probation sentence.

**REVERSED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.